

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00047-CR

CARESSA DESIRAY DAWSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-19-27104

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Caressa Desiray Dawson pled guilty to evading arrest with a motor vehicle, a third-degree felony. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (Supp.). In accordance with a plea agreement with the State, the trial court placed Dawson on deferred adjudication community supervision for six years. Because she failed to report to her community supervision officer and failed to complete community service as required, the State moved to adjudicate Dawson's guilt. After Dawson pled true to the State's allegations, the trial court adjudicated her guilt and sentenced her to two years' imprisonment. Dawson appeals.

Dawson's attorney has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On April 30, 2025, counsel mailed to Dawson copies of the brief, the motion to withdraw, and a motion for pro se access to the appellate record lacking only Dawson's signature. Dawson was informed of her rights to review the record and file a pro se response.

2

On May 5, we informed Dawson that her pro se motion for access to the appellate record was due on or before May 20. By letter dated May 28, this Court informed Dawson that the case would be set for submission on June 18. We received neither a pro se response from Dawson nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, non-reversible error is found in the trial court's judgment.

The bill of costs and judgment include $25.00 in time payment fees. The Texas Court of Criminal Appeals has concluded that a time payment fee like the one imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending." *Id.* Pursuant to *Dulin*, we strike the time payment fee "in [its] entirety, without prejudice to [it] being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay . . . court costs" owed. *Id.* at 133.

Accordingly, we modify the trial court's judgment and bill of costs by deleting the $25.00 time payment fee "without prejudice to [it] being assessed later if, more than 30 days" elapses

3

without payment of court costs after they become due. *Id.*; *Mitchell v. State*, 653 S.W.3d 295, 298 (Tex. App.—Texarkana 2022, no pet.). As modified, we affirm the trial court's judgment.[1]


                                               Scott E. Stevens
                                               Chief Justice

Date Submitted:       June 18, 2025
Date Decided:         June 20, 2025

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.